Our final case of the day is Villa v. Barr. Good morning, Your Honors. Allow your opponent to get a seat. Mr. Elmore. Good morning, Your Honors. May it please the Court, my name is Christopher Elmore. I represent Petitioner Victor Villa Serrano in this appeal of a motion to reopen that was denied at the Board of Immigration Appeals. This motion to reopen was his first motion to reopen. Granted, it was outside the original 90-day period, but he did also request for a Suspente review in the immigration judge's denial of his motion to reopen. He does raise a legal question on the agency's decision before this Court now. We recognize that you will not review the merits of a motion to reopen, but you can address whether the proper legal standard was given by the agency, and also if there was an issue where they mischaracterized facts or didn't review all the facts. In this case, we are arguing that the Board of Immigration Appeals and the immigration judge should have determined that there was an underlying final order of removal. This Court has already ruled against Mr. Villa earlier this year. He challenged a reinstatement order, now 1231 of 8 U.S.C., typically Barr's review of the underlying order. However, it's our position that they still have to determine that a final order does exist. And via the Barr 1, this Court declined to go the distance with us and determine that it can look to see if there was a valid underlying order. But since then, Ortiz-Santiago has resolved this issue. Now, of course, you're free to ask the justices to disagree with Ortiz-Santiago. I can't see anything more for you in this Court. I have one point on Ortiz-Santiago, Your Honor, is that we do believe that 1239A1, about the notice to appear, is jurisdictional. And our grounds for that is, under IRA, IRA- I understand that you disagree with it, but it is what it is. And I respect that. We're just humbly requesting that you reassess Ortiz-Santiago, just given in light of the mention of the IRA-IRA-309C2. You're asking us to overrule that case? Yes, I am, Your Honor, because IRA-IRA-309C2 specifically refers to the notice to appear in 1229A1 as conferring jurisdiction on the immigration court. Now, 309C2 was codified at 8 U.S.C. 1101 in Note A9. That was a transitional period where it was coming out of the old proceedings into the new proceedings. And they were getting rid of the order show cause, and now they were moving on to the notice to appear. But in the previous framework, they allowed an order show cause to be cured by a notice of appearance. They got rid of that under the new statute. But by referring to the IRA-IRA-309C2, we see that they did specifically intend for the notice to appear under Section 1229 to be a jurisdictional statute and to confer jurisdiction on the immigration judge. The Board of Immigration Appeals, in denying our motion reopen, initially said that they're barred from review under 1231. However, if they need to determine that it's not just a piece of paper that says order of removal, but it was, in fact, an order of removal that was authorized by Congress and by an immigration judge with authority, then it's not a review on the merits. It's simply acknowledging whether or not there's a final order of removal. The statute provides for a final order of removal under 8 U.S.C. 1101A47. Also, in 8 U.S.C. 1229A3, an immigration judge has the sole and exclusive authority to issue a removal order at the end of proceedings. But again, if we go back and 1229 notice to appear is needed to actually start proceedings and confer jurisdiction, then an immigration judge who issues an order without actually having that jurisdiction vested is not a final order of removal. Therefore, there cannot be a final order of removal that can be reinstated under section 1231. In denying our motion, after going and stating that 1231 barred review, the board and the immigration judge both did a review of whether or not there was a final order of removal by looking under the standard set out in Bermuda's Cota, the Board of Immigration Appeals decision. But as you pointed out, Ortiz-Santiago came out earlier this summer. And in that decision, they declined to follow Bermuda's Cota and rejected this two-step notion that an immigration judge could get jurisdiction by a notice of appeal lacking all the statutory requirements that would then be followed by a notice of hearing from the immigration court. And Ortiz-Santiago said that that doesn't fly. We recognize that Ortiz-Santiago says that it was a claims processing rule. And the claims processing is a waivable flaw. However, because we believe this is jurisdictional, it's not a waivable flaw here. The court did cite to Becker versus Montgomery, which Pereira, the Supreme Court in Pereira, also cited to Becker, comparing a notice of appeal and whether or not, in Becker, the issue was whether or not a notice of appeal that did not contain a signature as required by Federal Civil Rule Procedure 11 was jurisdictional in nature. Now, Becker said, no, it's not. Everybody understands who is involved in the parties in the case. And then they also pointed out that that rule actually has a provision that allows for curing and amending the notice of appeal. However, if you look at the Supreme Court decisions in Torres v. Oakland, and there they point more directly to the Federal Rule of Appellate Procedure in 3. And in that one, it was, again, dealing with the same notice of appeal. But in that rule, it describes exactly what contents must be in a notice of appeal. And there, the Supreme Court said, well, if they don't name the party, which is required by the statute, then jurisdiction cannot vest, because the document is deficient and it's tied to a jurisdictional provision within the statute. And so we believe that the notice to appear rule in Section 1229 is more akin to this notice of appeal rule in the Federal Rule of Appellate Procedure 3. So just so I understand, as a practical matter, you're asking us to hold that the defective document back in the original removal proceedings. Before he was removed and then re-entered illegally, never happened. Correct. There was a proceeding that went forward, but it wasn't authorized by statute, because this notice to appear did not contain all of the required information. Okay, thank you. And if it didn't go forward, then there's nothing that can be reinstated or preclude him from seeking a motion to reopen now. Our final point is that we also believe that there was a mischaracterization of the evidence. Specifically, the board decided that if it was not going to, on the merits, it would decline to grant this motion to reopen, because they said his delay was too long in following up on previous change in law. Basically, he was deported for having an aggravated felony, which a year later was found to not be an aggravated felony. However, he waited 12 years once he finally talked to an attorney with the reinstatement process to actually file his motion to reopen, which he did so within 30 days of finding out about the change in law. The board said that he did not show that he had a reasonable delay, but they did not cite any evidence in the record as to where they determined that he did not establish his delay was reasonable. He did provide an affidavit, which explains why he had the delay, but they make no mention of it. And therefore, we think that this case should be remanded with instruction for them to address the legal standards of 1231 and the reinstatement issues, and also to address the evidence on his delay. If there are no further questions, I'd like to reserve the remainder of my time for rebuttal. Court may counsel. Mr. Hogan. Good morning, Your Honors. May it please the court, Brendan Hogan for the attorney general. In the current case, this court's review is limited by 1231-85. As the panel has already pointed out, there have been three published decisions in this court already. Ortiz-Santiago, Vilhoja, and Hernandez-Garcia, saying that it's a claims processing rule. And unfortunately for the petitioner in this case, he did not timely raise an objection. And on top of that, he could not show prejudice. The error of the date and time being omitted. Timely, you mean back in 2005? That would have been the best time, according to the three decisions from this court, Your Honor. He had the statutory language that he could have raised an argument based on that. But 13 years certainly is not a timely objection to a charging document filed in 2005. And with regards to prejudice, although the date and time was omitted, by his own admission, he was able to appear in front of an immigration judge and was ordered removed in February 2005. With regards to counsel's claims raised in his reply brief regarding the IREA transitional rules, they were just that. They were for people who were put in removal proceedings at that time, in the mid-1990s, where if an order to show charge the prior charging document was pending, the government didn't have to go back and file a new charging document, a notice to appear. It has nothing to do with jurisdiction, Your Honors. It's merely just a transitional rule for keeping proceedings ongoing. And finally, with regards to the board's sua sponte denial, it's a discretionary decision, and they considered all the factors. They acknowledged that the petitioner had been here for a long period of time, his work history, his family ties. It's unfortunately that they did not determine the exceptional circumstances, which is within their discretion to do so, and that's not an error of law. Does the panel have any additional questions? I don't see any. The government would like to submit all its briefs. Thank you very much. Thank you. Anything further, Mr. Elmore? Regarding the government's contention that the issue about timely delay, that's an issue that's factual in nature, and we're not contesting the factual nature of it so much as we just don't think they considered all the evidence that we presented with our motion in there. And then as far as whether 309C2 was transitional, but it doesn't change the fact that it indicates that Congress intended for the 1229 Notice to Appeal Rule to be jurisdictional in nature. Thank you, Your Honor. Thank you very much, counsel. The case is taken under advisement, and the court will be in recess.